UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                    Chapter 7

ANTHONY J. LOSQUADRO,                                              Case No. 18-47134-cec

                                    Debtor.
-----------------------------------------------------------x

## ORDER RETAINING MYC & ASSOCIATES, INC., AS REAL ESTATE BROKER FOR CHAPTER 7 TRUSTEE EFFECTIVE AS OF FEBRUARY 18, 2019

**UPON** the application ("Application") of Debra Kramer, Chapter 7 trustee ("Trustee") for the Estate of Anthony J. Losquadro, debtor ("Debtor"), by and through her attorneys, Rosen & Kantrow, PLLC, seeking entry of an Order authorizing the Trustee to retain MYC & Associates, Inc. ~~("MYC")~~ **_(CEC)_**, as real estate broker for Trustee under sections 105, 327(a) of Title 11, United States Code ("Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York ("Local Rule"), to assist the Trustee in the marketing and selling of the real property commonly known as 2431 Victory Boulevard, Staten Island, New York, 10314; and upon the Affidavit of Marc P. Yaverbaum, a member of MYC **_& Associates, Inc., (CEC)_** as well as a licensed real estate sales agent, sworn to on February 18, 2019; and it appearing that MYC **_& Associates, Inc._**, **_(CEC)_** does not hold or represent an interest adverse to Debtor's estate and is a "disinterested person" as that term is used in Bankruptcy Code section 101(14); and there being no opposition thereto; and it appearing sufficient notice of the Application has been given; and that MYC **_& Associates, Inc.'s_**, **_(CEC)_** employment will be in the best interests of the

estate; and it appearing to the Court that relief sought by the Trustee is appropriate and should be granted; it is hereby

**ORDERED,** that the Application be, and hereby is, granted to the extent provided for herein; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to retain MYC & Associates**,** *Inc. (CEC)* in accordance with Bankruptcy Code section 327(a) to assist the Trustee in acting as a real estate broker for the Trustee for the sole purpose of marketing the estate's interest in the property 2431 Victory Boulevard, Staten Island, New York, 10314, effective as of February 18, 2019; and

**IT IS FURTHER ORDERED**, that the Trustee is authorized to enter into the Exclusive Right-To-Sell Marketing and Sales Agreement between Trustee and MYC & Associates, Inc.; and

**IT IS FURTHER ORDERED**, that MYC & Associates, Inc. may place the listing for the Real Property on the "Multiple Listing Service" ("MLS"); and

**IT IS FURTHER ORDERED**, that the total commission earned by all real estate professionals shall be six percent (6%) of the gross proceeds of the sale of the Property, inclusive of expenses and MYC & Associates, Inc. shall not receive any reimbursement of disbursements related to the advertising of the Real Property; and

**IT IS FURTHER ORDERED**, that MYC & Associates, Inc., and/or any other than cooperating broker on MLS who finds the purchaser of the Real Property, shall be compensated only upon application and upon notice and opportunity to object and in accordance with the

procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may be applicable from time to time, the Local Rules, and such procedures as may be fixed by order of this Court; and

**IT IS FURTHER ORDERED**, that MYC & Associates, Inc. shall not share its compensation with any other individuals or entities, other than any cooperating broker on MLS who finds the purchaser of the Real Property, and those agents and/or employees who are or were employed by MYC ***& Associates, Inc.***, ***(CEC)*** that are entitled to wages and/or commission from the sale of the Real Property; and

**IT IS FURTHER ORDERED**, that pursuant to Bankruptcy Code section 327(a), MYC & Associates, Inc. shall seek compensation upon completion of services rendered to Trustee, upon proper application to the Court, and upon notice and a hearing, under Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2014, Local Rule 2014-1, and the Guidelines of the Office of the United States Trustee; and

**IT IS FURTHER ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and

**IT IS FURTHER ORDERED**, that the United States Trustee retains all rights to object to MYC ***& Associates, Inc.'s***, ***(CEC)*** interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to Section 330 of the Bankruptcy Code; and

**IT IS FURTHER ORDERED**, that such other services as may be requested by the Trustee and agreed to by MYC <u>**& Associates, Inc.**</u>, <u>**(CEC)**</u> shall be subject to separate approval by Court order.

**NO OBJECTION**:
WILLIAM K. HARRINGTON
OFFICE OF THE UNITED STATES TRUSTEE, Region 2

By: <u>/s/Rachel Wolf</u>
　　　Rachel Wolf
　　　Trial Attorney

Dated: New York, New York
　　　　April 1, 2019



**Dated: Brooklyn, New York**
**April 15, 2019**

_____
**　Carla E. Craig**
**United States Bankruptcy Judge**